UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA DENHOF and
RENEE LeCLEAR,

       Plaintiffs,

v.                                    Case No. 1:02-CV-275

CITY OF GRAND RAPIDS,         HON. GORDON J. QUIST

       Defendant.
_____/

## **JUDGMENT**

IT IS ORDERED AND ADJUDGED that the Plaintiff, Renee LeClear, recover from the Defendant, City of Grand Rapids, pursuant to the jury verdict of December 13, 2004, as follows:

    1.    <u>Back Pay</u>.  Two hundred twenty-three thousand and eighty dollars ($223,080), subject to set-offs set forth in paragraph 4 of this Judgment.

    2.    <u>Front Pay</u>.  One million two hundred seventy-six thousand, nine hundred and twenty dollars ($1,276,920).

    3.    <u>Compensatory Damages</u>.  One million dollars ($1,000,000).

    4.    <u>Set-off of Back Pay</u>.  Back pay for Renee LeClear shall be subject to a set-off of $95,037.00 for earnings from April 25, 2002, to December 25, 2004.

    5.    <u>Payment and Mitigation of Front Pay</u>:

        (a)    Plaintiff shall begin to accumulate front pay beginning on the date of this Judgment.

        (b)    If Plaintiff is reinstated by the City to her former position or a substantially equivalent position, front pay shall cease and Plaintiff shall be paid

salary and benefits as a regular employee in that position, except that if the City pays Plaintiff less than she would be paid in her former position, including salary and benefits, the difference shall be paid to Plaintiff.

(c) Front pay shall be paid biweekly at the current rate of Plaintiff's job classification and shall be subject to all terms of the applicable collective bargaining agreement including all procedures, benefits and raises.

(d) Front pay shall be paid until the amount of the judgment, $1,276,920, is paid less set-offs from earnings from other employers, and/or set-off with failure(s) to mitigate as required by paragraph 5(e) of this Judgment, or as otherwise determined by the Court for reasons such as: incapacitation, death, retirement, reinstatement to a substantially equivalent job by the City, or if Plaintiff stops seeking a substantially equivalent job.

(e) Plaintiff has a continuing duty to mitigate her front pay losses, which is to make reasonable efforts to find and to accept comparable work in comparable employment. Plaintiff shall verify her earnings and benefits and re-employment efforts on a quarterly basis by submitting to the City copies of applications for employment completed and submitted to prospective employers. Plaintiff shall cooperate in the completion of all pre-employment requirements set forth by any prospective employer. Plaintiff may, but need not, accept a job more than 1.5 hours from her current residence and may, but need not, work more than 40 hours per week to mitigate her damages.

6. <u>Reinstatement by City</u>. Reinstatement may be implemented as an alternative to payment of front pay provided the following conditions are met:

    (a)    In lieu of paying front pay the City of Grand Rapids may reinstate Plaintiff to her former position, or a substantially equivalent position.

    (b)    For the first three years of this Judgment, Plaintiff shall not be deemed incapacitated if she fails a "fitness for duty" exam. Thereafter, if the City demands a fitness for duty exam and the Plaintiff is then employed by the City, the City must show good cause why such an exam is necessary. Provided, further, that if Plaintiff is not employed by the City, the City may not use a fitness for duty exam to determine that Plaintiff is incapacitated thereby relieving the City of the duty to pay front pay.

    (c)    The City shall provide Plaintiff with routine training for returning employees such as legal updates, new procedures, and changes in the operation of computer equipment.

    (d)    The City shall take all reasonable steps to assure that Plaintiff's employment assignments and work environment shall be free of illegal discrimination, harassment and retaliation. Reasonable steps include, but are not limited to, disciplining employees who engage in illegal discrimination, harassment and/or retaliation.

    (e)    If Plaintiff is suspended, discharged or terminated after reinstatement, including constructive discharge, for any reason than for cause as determined by this Court, then front pay shall resume effective the date of suspension, discharge or termination, subject to the other terms and conditions of this Judgment, including Plaintiff's duty to mitigate her damages.

7. <u>Retention of Jurisdiction</u>.  This Court shall retain jurisdiction to enforce this Judgment, including, but not limited to all, issues regarding front pay and reinstatement.

8. <u>Does Not Include Interest, Attorneys Fees or Costs</u>.  The monetary amounts in this Judgment are exclusive of interest at the rate provided by applicable state and federal laws, and exclusive of attorney fees and costs as may be determined by the Court pursuant to statutes.

9. <u>Clarification and Modification</u>.  Any party may, from time to time, apply to clarify the terms of this Judgment or to modify the Judgment to more effectively implement the terms and conditions of this Judgment.

Dated:  January 10, 2005                                /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE