UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PATRICIA DENHOF and
RENEE LeCLEAR,

            Plaintiffs,

v.                                        Case No. 1:02-CV-275

CITY OF GRAND RAPIDS,                HON. GORDON J. QUIST

            Defendant.

_____/

**<u>MEMORANDUM ORDER</u>**

Pursuant to the Court's March 6, 2008, Order entered following a hearing that same date regarding Plaintiff's former counsel's fee petition and Plaintiffs' motions to enforce the judgments, the Court instructed the parties to file briefs addressing two issues in the event that they could not resolve the issues themselves.  The issues were: (1) the appropriate starting date for calculation of prejudgment interest; and (2) whether post-judgment interest should be calculated on the entire amount of the judgment or only upon the net amount payable to Plaintiffs after deductions for pension contributions, taxes, and the like.  Pursuant to the March 6, 2008, Order, Plaintiff Denhof, the City, and Plaintiffs' former counsel have filed briefs addressing these issues.  The City raises an additional issue in its brief, namely, whether prejudgment interest on attorney fees should run from the date the complaint was filed or the date the fees were incurred.  Plaintiffs' former counsel objects to the inclusion of this issue.

       1.        **Starting Date for Prejudgment Interest**

The City reluctantly concedes in its brief that pursuant to *Phinney v. Perlmutter*, 222 Mich. App. 513, 564 N.W.2d 532 (1997),  the correct starting date for prejudgment interest pursuant to

M.C.L. § 600.6013(8) is April 22, 2002, the date the original complaint was filed. Thus, prejudgment interest shall run from this date.

### 2.    Amount on Which Postjudgment Interest Should Accrue

The City contends that postjudgment interest, which is governed by federal law as set forth in 28 U.S.C. § 1961, should be calculated only upon the net amounts of the judgments payable to Plaintiffs after deducting pension contributions, rather than upon the entire amount of the judgments. The City posits that because pension contributions are deducted from employees' paychecks on a pre-tax basis, employees such as Plaintiffs never receive the amounts deducted for pension contributions and thus never have use of those funds. The City concedes both that it can find no authority to support its position and that two federal district courts held in prior decisions that interest should be awarded on a gross back pay award rather than upon the net back pay amount after making adjustments for federal and state income and employment taxes. *See Littlejohn v. Null Mfg. Co.*, 619 F. Supp. 149, 151 (W.D. N.C. 1985); *Artis v. United States Indus. & Int'l Assn. of Machinists & Aerospace Workers*, 822 F. Supp. 510, 511 (N.D. Ill. 1993). The City contends, however, that the pension contributions in this case are different from the payroll taxes in *Littlejohn* and *Artis* because in those cases, the payroll taxes were subject to the plaintiffs' control  by the election of deductions for purposes of income tax withholding, while in this case the pension contributions were never payable to Plaintiffs and never under their control.

In *Littlejohn*, the court reasoned that it would be improper to allow the defendant to pay interest on the net after-tax amount of the back pay award because to do so would be giving the defendant the benefit of something it did not earn. The court noted that the defendant had the use of the money during the litigation and did not withhold or pay any taxes on the back pay during that time and, if the back pay had been deposited into the clerk's registry during the appeal, the plaintiff

2

would have earned interest on the entire amount.  Finally, the court said that the amount of the plaintiff's tax liability was a matter between the plaintiff and the taxing authority, and the plaintiff could have exercised some degree of control over her taxes through allowances for exemptions, deductions, and other items that she could have elected to take.  *See Littlejohn*, 619 F. Supp. at 151. The *Artis* court echoed the *Littlejohn* court's analysis and concerns.  It recognized the defendant's argument that awarding interest on the gross back pay award could result in a windfall to the plaintiff because he would not have received the withheld amounts, but it reasoned that "if a choice must be made between 'conferring a windfall on the claimants or defendants, claimants are the logical choice.'" *Artis*, 822 F. Supp. at 511 (quoting *EEOC v. O'Grady*, 857 F.2d 383, 391 (7th Cir. 1988)).

The Court finds much of the reasoning in *Littlejohn* and *Artis* applicable in this case.  For example, as in those cases, here, the City had the use of the money for the pension contributions for its own purposes during the litigation because it did not make the contributions for Plaintiffs.  In addition, although Plaintiffs would not have personally possessed or had use of the pension contributions, any windfall should go to Plaintiffs, in order to dissuade defendants from engaging in unlawful discrimination or retaliation.  *See id.*  In addition, the Court notes that the City's payroll tax/pension contribution dichotomy is imperfect because some of the payroll taxes at issue in *Littlejohn* were FICA taxes, over which the plaintiff had no control through exemptions, deductions, etc.  Finally, apart from those cases, the Court considers the language of the postjudgment interest statute as requiring interest on the gross amount of the back pay award without considering deductions.  The statute states that "[i]nterest shall be allowed on any *money judgment* in a civil case recovered in a district court.  28 U.S.C. § 1961.  This language plainly says that interest is to be calculated on the amount of the judgment, not upon some other reduced figure.  *Cf. Caffey v. Unum*

3

*Life Ins. Co.*, 302 F.3d 576, (6th Cir. 2002) (agreeing with other courts that "postjudgment interest should be awarded on the entire amount of the judgment").  Therefore, postjudgment interest is to be calculated on the gross amount of the back pay award.

**3.     Prejudgment Interest on Attorney Fees**

As mentioned above, the City has raised the issue of whether prejudgment interest on attorney fees should run from the date the complaint was filed or from the date such fees were actually incurred.  The City contends that the latter is the correct result.  Plaintiffs' former counsel objects to the City raising this new issue because the parties have already had the opportunity to identify and address all issues and the Court's rulings have already been incorporated into the March 6, 2008, Order.  Plaintiffs' former counsel further contends that the City should have filed a motion for reconsideration if it believes that the March 6, 2008, Order is erroneous.

The only remaining issues to be considered concerning interest were set forth in paragraph 7 of the March 6, 2008, Order, and the City's issue regarding attorney fees was not one of the issues.  Thus, the Court will not consider the City's argument at this time.  However, the City is not precluded from filing a motion for reconsideration or a motion pursuant to Rule 60(b), if it chooses to do so.  Therefore,

**IT IS HEREBY ORDERED** that: (1) the starting date for prejudgment interest is April 22, 2002, the date the original complaint was filed; and (2) post-judgment interest shall be calculated on the gross amount of the back pay award.

Dated:  May 1, 2008                                      _____/s/ Gordon J. Quist_____
                                                                              GORDON J. QUIST
                                                                     UNITED STATES DISTRICT JUDGE