UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA DENHOF and
RENEE LeCLEAR,

        Plaintiffs,

v.                                                                                        Case No. 1:02-CV-275

CITY OF GRAND RAPIDS,                                          HON. GORDON J. QUIST

        Defendant.
_____/

**ORDER**

The Court has before it Defendant's motion to clarify or modify the January 10, 2005, Judgment with respect to Plaintiff LeClear. The matter was set for oral argument for March 4, 2009, but the Court cancelled the hearing after reviewing the parties' materials. Frankly, the motion is childish and never should have been filed because counsel should have used the telephone to resolve it themselves.

Essentially, the issue is whether Plaintiff LeClear should hand deliver her mitigation documents to the City's outside counsel's office in Grand Rapids or the City Attorney's office as she has been doing for the past several months. The Court suspects that delivery to either location would involve about the same amount of travel and impose about the same amount of inconvenience on LeClear, considering traffic, parking, and the like. On the other hand, nothing indicates that LeClear's continued delivery to the City Attorney's office would impose an undue hardship or inconvenience upon the City or its outside counsel.

Assuming LeClear submits the documents when due, here are her options: (1) deliver them to the City Attorney's office; (2) deliver them to the City's outside counsel's office located in Grand

Rapids, Michigan; (3) mail them certified mail, return receipt requested, to the City Attorney's office; or (4) mail them certified mail, return receipt requested, to the City's outside counsel's office in Grand Rapids, Michigan.  This list is not exhaustive and the parties are encouraged to consider and agree upon any other method of delivery that might be more convenient from time to time. LeClear shall provide the City and its outside counsel thirty (30) days written notice in the event she elects to change the means of delivery.  Therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Clarify or Modify Term of Judgment (docket no. 574) is **GRANTED** as set forth in this Order.


Dated:  March 10, 2009               /s/ Gordon J. Quist
                          GORDON J. QUIST
                        UNITED STATES DISTRICT JUDGE