# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF MICHIGAN

_____

**PATRICIA DENHOF & RENEE LECLEAR**
    *Plaintiffs,*　　　　　　　　　　　Hon. Gordon Quist

v.　　　　　　　　　　　　　　　　　　　Case No.:  1:02 CV 0275

**CITY OF GRAND RAPIDS**　　　　　　　Motion to Enforce & Clarify
    *Defendant.*　　　　　　　　　　　　Judgment

_____

**Christine A. Yared (P37472)**　　　　**Beth Rivers (P33614)**
Attorney for Plaintiff LeClear　　　　**Michael L. Pitt (P24429)**
2503 Mason Ridge Court NE　　　　Pitt, McGehee, Palmer,Rivers & Golden, PC
Grand Rapids, MI 49525　　　　　　Attorneys for Plaintiff Denhof
616.363.9041　　　　　　　　　　　117 W. Fourth St., Suite 200
　　　　　　　　　　　　　　　　　Royal Oak, MI 48067
　　　　　　　　　　　　　　　　　248.398.9800

**Christopher K. Cooke (P35034)**
Attorneys for Defendant
125 Park St., Suite 415
Traverse City, MI  49684
231.922.1888
_____

    Plaintiffs, Renee LeClear and Patricia Denhof, through their attorneys, Christine A. Yared, and Pitt, McGehee, Palmer, Rivers & Golden, PC, in support of their Motion to Enforce and Clarify Judgment, states as follows:

1.      Plaintiffs LeClear and Denhof have made numerous attempts to resolve the issues set forth below prior to filing this motion. These efforts include:

    a.      written and telephone communications with Acting City Attorney Janice Fuller Bailey;

  b. written and telephone communications with newly appointed City Attorney Katherine Mish;

  c. written, telephone and in person communications with attorney Doug Walton, including a conference in March 2008 with the attorneys, Plaintiffs and two City employees who were responsible for calculating wages and benefits;

  d. written, telephone and in person communications with attorneys Christopher Cooke, Andrew Brege and Allan VanderLaan, including:

    (1) a letter dated March 2, 2009, from attorney Yared to attorneys Cooke and Mish; (Exhibit 1)

    (2) a letter dated March 16, 2009, from attorney Yared to attorneys Cooke, Brege and Mish; (Exhibit 2) &

    (3) a conference on April 2, 2009, with Plaintiff, Plaintiffs' attorneys and attorneys Cooke and Brege; &

    (4) a letter dated June 19, 2009, from attorney Rivers to attorney Brege. (Exhibit 3)

2. During the February 2008 conference with attorney Walton and city employees noted in paragraph 1.c. above, the parties agreed on some issues, disagreed on some issues and needed additional information to resolve some of the issues. After this meeting, the City changed attorneys, retaining Cummings McClorey Davis & Acho PLC.  When Cummings McClorey entered the case, they refused to honor some of the points we agreed upon during our March 2008 conference.

3. Plaintiffs have been more than reasonable providing City Attorney Mish and Cummings McClorey time to review the case and the pending issues.

4. On June 16, 2009 Plaintiffs sent the Defendant a copy of this motion, with a cover letter seeking the City's position on these issues. The "wherefore" clause in this motion contains 15 requests, lettered A through P.  Instead of indicating which, if any, of the lettered requests

could be resolved by stipulation, Defendant responded as follows**:**

> I have reviewed your motion and we have had discussions regarding these issues. In October, I sent you a response, item by item, to the proposed stipulation. I attach a copy for your refreshment.   As we cannot agree on some portions of the stipulation it appears that a motion will be necessary. (Exhibit 4 - June 26, 2009 e-mail)

This response is not helpful since Plaintiffs have had conferences with the Defendant via telephone and in person after the City sent their letter dated October 24, 2008 and there are requests in this motion that were not addressed by the City's October 24, 2008 letter.

5. In addition, since the date that attorney Yared sent the City a copy of this motion, that being June 6, 2009, two additional issues have been added to this motion.  These issues are:

   a. The City responded to attorney Rivers' June 19, 2009 letter regarding interest, informing her that they disagree with the interest amount; and

   b. Plaintiff LeClear received a letter from the City dated <u>July 7, 2009</u>, stating that her children had "experienced a loss of coverage" <u>from September 1, 2008 to December 31, 2009</u> and informing her that if she failed to elect COBRA continuation coverage her daughters' coverage would end on <u>July 1, 2009</u>. (Exhibit 5)  In addition, the City terminated Plaintiff LeClear's health care coverage during the lawsuit and since the date of the January 10, 2005 Order.

6. The January 10, 2005 Judgments state that Plaintiffs' front pay "shall be subject to all the terms of the applicable collective bargaining agreement including **all procedures, benefits and raises**." (emphasis added)

7. In order to execute paragraph 5 titled "Payment and Mitigation of Front Pay," of the Judgments Plaintiffs request the Court to add the following language to the Judgment:

   In the event the City has any disputes regarding the documents submitted

by Plaintiffs, the City shall have 30 days from the date the City receives the documents to send Plaintiffs a letter explaining the nature of the dispute. If the parties cannot resolve the issue(s), the City shall have an additional 30 days to file a motion with the court.  If the City fails to meet the above deadlines, the City waives its right to contest Plaintiffs mitigation efforts.  In the event the City files a motion to contest the mitigation efforts, the City shall continue to pay Plaintiffs their bi-weekly front pay unless the court orders to the contrary.

8. The Judgment should also be clarified to provide that:

   a. Defendant pay longevity pay, as specified in the collective bargaining agreement;

   b. the City must adjust the Plaintiffs' records to reflect that their seniority continued to accrue uninterrupted throughout this litigation and that it continues to accrue for the Plaintiffs' future pay;

   c. Defendant must pay all holidays, as specified in the collective bargaining agreement, including Good Friday and their Birthday Holiday;

   d. Plaintiffs shall be credited with the maximum eligibility for vacation days for each year, allowed to carry over the maximum number of vacation hours for each year, and shall be entitled to a full cash-out at the time of retirement, as specified in the collective bargaining agreement; and

   e. Plaintiffs shall be compensated for the sick day time that they would have earned every month and shall be entitled to a full cash-out at the time of retirement, as specified in the collective bargaining agreement.

    f.    Plaintiff Denhof's records should reflect a return of 500 hours sick time which was used for trial, plus credit for 1 ½ days earned per month.

9.    The City shall send Plaintiffs an itemized breakdown of the specific calculations they made in calculating all future pay since December 13, 2004, the date of the jury verdict, through June 30, 2009. In addition, the City shall provide Plaintiffs with an itemized breakdown of all future payments on a quarterly basis. The City shall also change the Plaintiffs' paychecks to reflect their status as an "active employee," instead of stating that they are on "administrative leave."

10.    The City shall notify the pension department in writing that the Plaintiffs are continuing to accrue seniority and that they should not be identified as being "inactive." The City shall also provide Plaintiffs with a copy of that writing.

11.    The Plaintiffs' pay checks shall reflect the pension contributions that they are to receive.

12.    The City must provide Plaintiffs with the death benefit coverage and disability coverage in accordance with the bargaining agreement and consistent with the City of Grand Rapids' Policies, providing written proof of the coverage on an annual basis.

13.    The City Attorney's Office shall be responsible for providing Plaintiffs with all notices regarding changes and meetings that relate to their health care coverage, pension and any other benefits, at the same time that the notice and information is provided to other employees.

14.    Plaintiffs have the right to attend all meetings, including those held at the police department, that relate to their health care, pension and other benefits, to which they are

entitled as employees of the Grand Rapids Police Department. Defendant must take responsibility for notifying the Plaintiffs of all department news regarding employees, social events, union business and other business and events in which officers in the Defendant's employ are invited to participate such as the annual officer memorial dedication.

15. The City of Grand Rapids' records for Plaintiff LeClear contain documents that erroneously show that she took FMLA leave because of her own health. This is not correct because she requested the FMLA time because of her daughter's health. Plaintiff LeClear requests that the City be required to both correct the documents and in accordance with FMLA and HIPPA, remove these documents from her personnel file and place them in her health records file.

16. The City has failed to notify Plaintiffs about notices and meetings concerning union business and benefits. These notices and meeting dates are posted within the police department on their union bulletin board. Plaintiffs request that the City be required to provide them with either access to the bulletin board or a copy of the information and notices at the time the information is posted on the boards. Some of the union activities such as voting, take place at the police department and other union activities take place at the union hall. Plaintiffs need access to these meetings and the opportunity to vote in a timely manner. In addition, Plaintiffs are asking this Court to clarify that Plaintiffs have the right to enter the public areas of the police department for the same reasons that anyone else in the public could enter those areas.

17. One of the reasons that Plaintiffs have been unable to obtain employment in law enforcement is because the City has failed to notify MCOLES in writing that there has never

been a lapse in service for Plaintiffs. Plaintiffs request that this court order the City to send the correction to MCOLES and provide them with a copy of that writing.

18. Plaintiffs also request that the court order Defendant provide Plaintiffs with a copy of all future collective bargaining agreements and adjust Plaintiffs' front pay checks to include all benefits in these agreements at the same time that the City provides other employees with a copy of the agreement and at the same time the other employee's checks are changed to reflect the terms of the new bargaining agreement.

19. In May 2009, the City sent Plaintiffs tax bills for the purpose of assessing and collecting City income taxes for the 2008 tax year. (Exhibit 6) The City income tax only applies to City employees who earn their wages by working within the geographic limits of the City of Grand Rapids. Since Plaintiffs do not work in Grand Rapids, the City should be required to credit the Plaintiffs' next paycheck for the amount that was removed for the City income tax in 2009 as well as provide a full refund of 2008 taxes wrongfully withheld by the City.

20. Plaintiffs have incurred additional attorney fees for the time expended to enforce the Judgment. (Exhibits 7 & 8) Plaintiff requests that the City be ordered to pay these fees.

Wherefore, Plaintiffs LeClear and Denhof requests that this court enter an order modifying the January 10, 2005 Judgment as follows:

A. Paragraph 5 titled "Payment and Mitigation of Front Pay," of the Judgment shall be modified by adding the following language:

> In the event the City has any disputes regarding the documents submitted by Plaintiffs, the City shall have 30 days from the date the City receives the documents to send Plaintiffs a letter explaining the nature of the dispute. If the parties cannot

resolve the issue(s), the City would have an additional 30 days to file a motion with the court. If the City fails to meet the above deadlines, the City waives its right to contest Plaintiffs' mitigation efforts for that quarter. In the event the City files a motion to contest the documents, the City shall continue to pay Plaintiff(s) their bi-weekly front pay unless the court orders to the contrary.

B. The Judgment also shall be clarified to provide that:

(1) the City pay longevity pay, as specified in the collective bargaining agreement;

(2) the City must adjust the Plaintiffs' records to reflect that their seniority continued to accrue uninterrupted throughout this litigation and that it continues to accrue for the Plaintiffs' future pay; the City shall immediately make these adjustments and pay Plaintiffs the amount of money they are entitled to as a result of this benefit, as specified in the collective bargaining agreement.

(3) the City must pay all holidays, as specified in the collective bargaining agreement;

(4) Plaintiffs shall be credited with the maximum eligibility for vacation days for each year, allowed to carry over the maximum number of vacation hours for each year, and shall be entitled to a full cash-out at the time of retirement, as specified in the collective bargaining agreement; and

(5) Plaintiffs shall be compensated for the sick pay that they would have earned every month and shall be entitled to a full cash-out at the time of retirement, as specified in the collective bargaining agreement.

  (6) Plaintiffs shall be compensated for CPR, EMT courses and bi-annual physicals, or in the alternative, be able to attend the training sessions provided to the other officers.

C. The City shall send Plaintiffs an itemized breakdown of the specific calculations they made in calculating all future pay since December 13, 2004, the date of the jury verdict, through June 30, 2009. In addition, the City shall provide Plaintiffs with an itemized breakdown of all future payments on a quarterly basis. The City shall also change the Plaintiffs' paychecks to reflect their status as an "active employee," instead of stating that they are on "administrative leave."

D. The City shall notify the pension department in writing that the Plaintiffs are continuing to accrue seniority and that they should not be identified as being "inactive." The City shall also provide Plaintiffs with a copy of that writing.

E. The Plaintiffs pay checks shall include the pension contributions that they are to receive.

F. The City must provide Plaintiffs with the death benefit coverage and disability coverage in accordance with the bargaining agreement and consistent with the City of Grand Rapids' Policies, providing written proof of the coverage on an annual basis.

G. The City Attorney's Office shall be responsible for providing Plaintiffs with all notices regarding changes and meetings that relate to their health care coverage, pension and any other benefits, at the same time that the notice and information is provided to other employees.

H. Plaintiffs have the right to attend all meetings, including those held at the police department, that relate to their health care, pension and other benefits, to which they are

entitled as employees of the Grand Rapids Police Department.

I.      The City shall correct Plaintiff LeClear's FMLA records to reflect that she took FMLA because of her daughter's health, not because of her health and the City shall remove all FMLA documents from their personnel file and place them in her health records file.

J.      The City shall immediately notify MCOLES in writing that there has never been a lapse in service for Plaintiffs and provide Plaintiffs with a copy of that writing.

K.      The City shall provide Plaintiffs with all information and notices concerning their benefits and union business by either providing them access to the bulletin board located in the police department or by providing a copy of the information and notices at the time the information is posted on the boards. The City shall also provide Plaintiffs access to the meetings where union votes are taken or provide them with an alternate way to be able to vote at the same time the other employees are given the opportunity to vote.  The Plaintiffs have the right to enter the public areas of the police department for the same reasons that anyone else in the public could enter those areas.

L.      The City shall provide Plaintiffs with a copy of all future collective bargaining agreements and adjust Plaintiffs front pay checks to include all benefits in these agreements at the same time that the City provides other employees with a copy of the agreement and at the same time the other employee's checks are changed to reflect the terms of the new bargaining agreement.

M.      The City shall credit the Plaintiffs' next paycheck for the amount that was removed for the City income tax in 2009 as well as provide a full refund of the 2008 taxes that were wrongfully withheld by the City.

N.       The City shall pay Plaintiffs the attorney fees and costs for the time expended to enforce the Judgment, as described in Exhibits 7 and 8.

O.       The City shall pay Plaintiffs the interest owed for the back front pay as follows:

    (1)    the sum of $36,471.99, plus the daily interest amount, to Plaintiff LeClear; and

    (2)    the sum of $38,319.97, plus the daily interest amount, to Plaintiff Denhof.

P.       The City shall immediately reinstate health care coverage for Plaintiff LeClear's children and provide both Plaintiffs updated information regarding their health care coverage.


September 3, 2009                           _____/S/_____
                                                  **Christine A. Yared**
                                                  **Attorney for Plaintiff LeClear**


September 3, 2009                             _____/S/_____
                                                  **Beth Rivers**
                                                  **Attorney for Plaintiff Denhof**